THE STATE, HERMAN WINTER, PROSECUTOR, v. THE NEW YORK AND NEW JERSEY TELEPHONE COMPANY.

1. In a petition for the assessment and appraisement of damages for the taking of lands for the erection of telephone poles, it must appear that the telephone company is organized under the laws of this state, and that the common council of the city within which the poles are erected has designated, in writing or otherwise, the streets in which the poles are to be placed.

2. There must also be a proper description of the poles and the premises to be occupied by them, so that the burden to be imposed upon the land-owner and the rights to be acquired by the company shall be defined and settled.

3. The consent of the land-owner to the appointment of commissioners does not give power to the court in a case not within the statute.

---

On *certiorari.*

Argued at June Term, 1888, before Justices DEPUE, VAN SYCKEL and DIXON.

For the plaintiff, *R. V. Lindabury.*

For the defendant, *Frank Bergen.*

The opinion of the court was delivered by

VAN SYCKEL, J. The contest in this case is as to the validity of the proceedings taken by the defendant company to assess and appraise the damages which the relator sustains by reason of the erection and establishment of telephone poles upon and along his property on Liberty street, in the city of Plainfield, in this state.

The proceedings were taken by virtue of the act concerning telegraph companies (*Rev., p.* 1174), and the supplement to said act (*Rev. Sup., p.* 1022).

The first section of said supplement provides that whenever any telephone company, organized by virtue of the act to which it is a supplement, or by virtue of any special act, shall apply to the common council of any incorporated city or town, through which it is intended to construct their line, for a designation of the streets in which the posts or poles of such company may be erected, it shall be the duty of such common council to give to such company a writing designating the streets in which the posts or poles shall be placed, and the manner of placing them.

The petition in this case fails to show that the said company was organized under any law of this state so as to be within the operation of said supplement; nor does it appear that the common council designated, in writing or otherwise, the streets in which poles were to be placed.

These matters were essential to give the Circuit Court power to act in pursuance of the statute. *New York and New Jersey Telephone Co.* v. *East Orange,* 15 *Stew. Eq.* 490 ; *Broome* v. *Telephone Co.,* 20 *Vroom* 624 ; *S. C.,* 21 *Id.* 432.

There is also a failure to give a proper description of the poles and the premises to be occupied by them, so that the

burden to be imposed upon the relator and the right to be acquired by the company will be defined and settled. Our adjudications hold this to be a fatal omission. *Turnpike* v. *News Co.,* 14 *Vroom* 381; *Broome* v. *Telephone Co., supra.*

In this case it appears affirmatively that the defendant company never applied to the city council for permission to erect poles. The New Jersey Telephone and Telegraph Company obtained such permission, but the grant to that company was expressly made non-assignable, and, therefore, the defendant could not lawfully succeed to that license.

These substantial defects were not cured by the neglect of the prosecutor to point them out when the commissioners were appointed, nor by his consent to such appointment.

The defendant company has not brought itself within the provisions of these legislative acts, so as to establish any rights under them. The relator could waive notice and objections to commissioners, and he could agree upon the amount of damages to be assessed to him, but he could not, by his consent, give power to the court in a case not within the statute. His verbal consent to the taking of his land, if given, would be revocable.

The proceedings below should be set aside, but without costs, because the objections now relied upon were not taken before the Circuit Court.