JOHN G. WENDEL, PLAINTIFF IN ERROR, v. THE BOARD
OF EDUCATION OF THE CITY OF HOBOKEN, DEFEND-
ANT IN ERROR.

Argued March 9, 1908—Decided June 15, 1908.

1. A city board of education has no power to acquire lands for the
   purpose of erecting a school-house thereon until the board of
   school estimate of such city has fixed and determined the amount
   of money necessary to be appropriated for that purpose.
2. The petition, in proceedings for the condemnation of lands for
   public purposes, must state all jurisdictional facts. Unless it
   shows the existence of the right of the condemning party to
   exercise the power of eminent domain, an order appointing com-
   missioners to condemn cannot properly be made.

On error to the Supreme Court.

For the plaintiff in error, *Collins & Corbin.*

For the defendant in error, *Horace L. Allen, Theodore
Backes* and *Nelson B. Gaskill.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This writ of error brings up
for review a judgment of the Supreme Court, in a *certiorari*
proceeding, affirming the validity of an order made under the
"Act to regulate the ascertainment and payment of compensa-
tion for property condemned or taken for public use,"
(*Pamph. L.* 1900, *p.* 79), appointing commissioners to con-
demn lands of Wendel, the prosecutor, for public school pur-
poses.

The order is attacked upon two grounds: *First,* that the
board of education of the city of Hoboken has no power to
acquire lands by condemnation; and *second,* if it be con-
sidered that such power resides in the board, the right to exer-
cise it in this particular case is wanting, for the reason that
the necessary prerequisites are lacking.

The first ground of attack is fully considered in the opinion of the Supreme Court, and the conclusion there expressed that the power to acquire lands for school purposes by condemnation proceedings resides in the defendant board. We fully concur in that conclusion and find the reasoning upon which it is rested so convincing as to require nothing to be added by us in the way of discussion.

The second ground upon which the validity of the order is challenged seems to have been overlooked by the Supreme Court, although it was mooted before that tribunal. The petition of the board of education upon which the order is founded, after reciting that by the General School law of 1903 the right to acquire lands by the exercise of the power of eminent domain is vested in it, sets forth that the board, by resolution, determined to acquire the lands of the prosecutor for the purpose of erecting a high school building thereon, and delegated one of their members to call upon him and request him to fix a price therefor; that this was done, and that the prosecutor thereupon refused to name any price for the land or to sell it to the board; that upon this fact being reported to the board it passed another resolution whereby it directed the corporation attorney to institute proceedings to condemn the property.

The facts thus exhibited do not, in our opinion, disclose a situation which authorizes the exercise of the power of condemnation by the board. By the seventy-third section of the General School law, as revised in 1903, a board of school estimate is created in every city school district of the state. The seventy-fourth section of the act requires the board of education in each city school district annually to prepare and deliver to the board of school estimate an itemized statement of the amount of money estimated to be necessary for the current expenses of and for repairing and furnishing the public schools of the district for the ensuing year. The seventy-fifth section requires the board of school estimate, upon receiving such statement, to fix and determine the amount of money necessary to be appropriated for the use of the public schools in the district for the ensuing school year, and

directs that the amount fixed and determined by it shall be put in the general tax levy. The seventy-sixth section provides that whenever a city board of education shall decide that it is necessary to raise money for the purchase of lands for school purposes, or for erecting, enlarging, repairing or furnishing a school-house or school-houses, it shall prepare and deliver to each member of the board of school estimate a statement of the money estimated to be necessary for such purpose or purposes, and that the board of school estimate shall then fix and determine the amount necessary, and certify the same to the board of education, and also to the common council, or other financial board of the city, and that such financial board may include it in its annual appropriation or may issue bonds to raise the amount.

It seems quite plain, from a perusal of these provisions, that the principal function of the board of school estimate is to supervise the expenditures proposed to be incurred by the board of education, and that the latter board is powerless to enter into a valid contract for the purchase of lands for school purposes until after action by the board of school estimate fixing and determining the amount to be expended in such purchase. It is hardly necessary to add that the power to condemn cannot exist where the power to purchase is wanting. The fundamental prerequisite to the exercise of either power is the ability to pay the agreed upon price, in the one case, or the amount fixed by the award of the commissioners in the other.

The power of the board of education of the city of Hoboken to acquire the lands of the prosecutor and the jurisdiction of the justice to make the order under review depend upon whether the board of school estimate has fixed and determined the amount of money necessary to be expended for that purpose. A petition in proceedings to condemn lands must state all jurisdictional facts. Unless it shows the existence of the right of the condemning party to exercise the power of eminent domain, an order appointing commissioners to condemn cannot properly be made. *Winters* v. *Telephone*

*Co.,* 22 *Vroom* 83. In the present case the absence from the petition of any averment that the amount of money to be paid for the lands of the prosecutor had been fixed and determined by the board of school estimate was fatal. Without it the petition disclosed no right on the part of the board of education to condemn them. The order appointing commissioners was, consequently, improvidently made, and the judgment of the Supreme Court will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.    13.