EMMA MANN WRAY, PROSECUTOR, v. ELIAS BERTRAM MOTT, CLERK OF THE COUNTY OF MORRIS, ET AL.

Argued February 21, 1912—Decided June 18, 1912.

1. The "Act to incorporate and regulate telegraph companies," approved April 9th, 1875 (*Comp. Stat.*, *p.* 5312), is broad enough to include companies organized to transmit telephonic messages over wires by electricity. *Duke* v. *Telephone Co.*, 24 *Vroom* 341, followed.

2. Where, at the time of actual construction of a telephone line, the telephone company was not required by statute as a condition precedent to such construction, to obtain from the municipal body a designation of the streets, &c., through which its line was to be constructed, the facts that the company did not then compensate the abutting owners either by private agreement or by legal proceedings, and that thereafter by statute such municipal consent was made a prerequisite to construction, will not bar condemnation proceedings begun on the basis of the original construction without such municipal consent.

3. A telephone company in building its line along the public highway may do such reasonable trimming of the branches of trees as is reasonably essential to the proper operation of its line, without unnecessarily interfering with or destroying trees or parts thereof, upon making proper compensation to abutting owners or other persons interested, for the damage done thereby.

On *certiorari.*

Before Justices TRENCHARD, PARKER and MINTURN.

For the prosecutor, *Charlton A. Reed.*

For the defendants, *E. A. & Wm. T. Day.*

The opinion of the court was delivered by

PARKER, J. The writ brings up an order made by a justice of this court appointing commissioners in condemnation to appraise the amount to be paid prosecutrix for the right to put telephone poles in front of her property in a road, and to trim trees as incidental to the proper operation of the tele-

phone line. It appears without question that the telephone line has been installed and in operation for some years, having been originally built in 1898, and that consent was then obtained for that purpose from the then occupant of the premises, who was believed to be the owner. Some disagreement having arisen between the telephone company and the prosecutrix, who was the true owner at the time the order appointing the commissioners was made, and for some time prior thereto, the telephone company seeks, under the right of eminent domain, to acquire the above rights upon payment of proper compensation.

Counsel for prosecutrix first calls attention to the fact that the defendant is undertaking to operate under various acts which relate in their title to telegraph companies (see *Comp. Stat., p. 5312 et seq.*), and supplementary acts bringing in telephone companies as well, and claiming that these acts that confer any rights on telephone companies are all unconstitutional because they are supplements or amendments of the Telegraph Company act, and that telephone companies are not included in the titles of these acts. It is a sufficient answer to this to say that telephone companies have more than once been held to be included in the Telegraph Company acts, even though not specifically named therein (*Duke* v. *Telephone Company, 24 Vroom 341, 345*) ; and that consequently the title is adequate.

Next, assuming that defendant is relying upon the amendment of 1890, page 489 (*Comp. Stat., p. 5316*), for the right to institute the present proceedings, it is said that that amendment is unconstitutional because of a double object in its title. To this the answer is that the defendant manifestly does not rely upon that act, because it contemplates proceedings in the Circuit Court, while the present proceedings are begun by application to a justice of the Supreme Court pursuant to the general Eminent Domain act of 1900. *Pamph. L., p. 79.*

It is further urged that it does not appear that the township committee of the township wherein the road in question and the property of prosecutrix are situated, ever gave consent to

the erection of this line or designated a route through the township. This where required must appear on the face of the petition. *Winter* v. *Telephone Company,* 22 *Vroom* 83. It is true that under the law as now existing, there must always be an application to the municipal body. *Pamph. L.* 1909, *p.* 288; *Comp. Stat., p.* 5314, § 8. But the situation was different in 1898, when the line was constructed and when the requirement was that "Whenever any  *  *  ·*  telephone company organized by virtue of the act to which this is a further supplement, shall apply to the  *  *  *  township committee  *  *  *  of any  *  *  *  township  *  *  *  in this state (the common council, township committee or other legislative body of which is authorized by law to take and appropriate lands or real estate for the opening, laying out or constructing streets therein, and to make awards for lands or real estate taken therefor, and to levy assessments for benefits or expenses of such improvements by a board of assessment or otherwise), through which it is intended to construct or extend any telegraph or telephone line, for a designation of the streets or highways, &c., it shall be the duty of said body to give the company a writing designating such streets, or highways"; and by the next section it is made unlawful for any telephone company "to construct any line or erect poles in any  *  *  *  township  *  *  *  having the power enumerated in the first section without first obtaining such designation." *Pamph. L.* 1888, *p.* 546; *Gen. Stat., p.* 3459.

It is conceded that by reason of this act the defendant, at the time of constructing its line in 1898, was not required to obtain a designation from the township committee, because that body then had no power to take lands for streets and roads as specified in the act of 1888, but the claim is that it is now necessary to obtain such designation under the act of 1909, and that the proceedings must be regulated by the law as now existing. The point is fairly raised by the petition which sets up in substance that the line was built in 1898, and that the township committee at that time was not authorized to take lands by virtue of the right of eminent domain. If the defendant were now desiring to construct a tele-

phone line along this road and to secure the right of way
therefor, it would of course be necessary to go to the township
committee and obtain the designation required by the present
law.  But it should be remembered that that is not the situa-
tion, and that the present proceeding is instituted solely be-
cause of a previous misapprehension as to the ownership of
abutting property.  If the person claiming to own that prop-
erty at the time the line was constructed had been the true
owner, the consent given by him would bind the present owner
and the line would have been a lawful line without any desig-
nation or consent by the township authorities.  It is now a
lawful line in every respect but the absence of consent of the
owner, and has been in actual operation for about fourteen
years.

The question now is not whether the telephone company
can lawfully build a new line through this road, but what
sum ought to be paid to the owner of abutting lands and of
the fee in the road by way of compensation, for the erection
and maintenance of the line.  The case is not unlike that of
a railroad which has taken possession of private lands without
compensation and later on is made defendant in an action of
ejectment by the landowner after substantial acquiescence in
the occupation for some years.  *Paterson, &c., Railroad Co.* v.
*Kamlah,* 15 *Stew. Eq.* 93.

We consider that the allegation of the petition that the
township committee had no power of eminent domain as
specified in the act of 1888, coupled with the allegation that
the line was built in 1898 and has been maintained ever since,
sufficiently meets the situation, and that no consent or desig-
nation of the township committee at this time need be set up
in the petition.

The last point made is that the petition asks that a sum be
awarded as compensation for the right to do reasonable trim-
ming of the trees in the road.  Such trimming, as appears by
the testimony taken in this cause, is necessary for the proper
operation of the line.  The question in other jurisdictions ap-
pears to have been, not whether such right could be acquired
by condemnation, but whether any damages ought to be paid

for it,, and the decisions appear to be uniform that such damages must be paid; the inference being that the right may be acquired upon payment thereof. See also *Green* v. *Irvington,* 47 *Vroom* 5; *affirmed,* 52 *Id.* 723. If such right did not exist it might well be that in certain cases the character and number of trees might altogether prevent the construction of the telegraph or telephone line. We are of opinion that a telegraph or telephone company, in building its line along the public highway, may do such reasonable trimming of the branches of trees as is reasonably essential to the proper operation of its line without unnecessarily interfering with or destroying trees or parts thereof.

The order brought up will be affirmed, with costs.