KERN OIL COMPANY, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10148.   Promulgated December 31, 1947.

*Melvin D. Wilson, Esq.*, for the petitioner.
*Byron M. Coon, Esq.*, for the respondent.

#### OPINION.

OPPER, *Judge*: This proceeding involves a deficiency in income tax for the fiscal year ended May 31, 1941, in the amount of $440.33.

The issue is the propriety of respondent's action in deducting a portion of British income and national defense contribution taxes from petitioner's gross income from oil properties, in computing the limitation on percentage depletion pursuant to Internal Revenue Code, section 114 (b) (3).

All of the material facts have been stipulated or admitted in the pleadings, and are hereby found accordingly. For purposes of this proceeding they may be summarized as follows:

Petitioner is a British corporation doing business in the United States, with its principal United States office at Los Angeles, California. Its tax return for the period involved, prepared on an accrual-fiscal year basis, was filed with the collector for the sixth district of California.

Its business in the United States consisted of the production of oil and the operation of gasoline stations.

The British income and related taxes are "charged in respect of * * * annual profits or gains arising or accruing * * * to any person residing in the United Kingdom from any trade, profession, employment, or vocation, whether the same be respectively carried on in the United Kingdom or elsewhere * * *."

In fiscal 1941 petitioner paid or accrued British income and excess profits taxes and national defense contribution in the amount of $36,-368.73, which respondent allowed as a deduction.

Of this sum, respondent allocated $21,277.05 as an expense of petitioner's various oil-producing properties, and he has accordingly reduced the net income from the properties for the purpose of computing percentage depletion. Respondent's treatment of the British tax item has reduced petitioner's percentage depletion by $7,757.64 for the fiscal year ended May 31, 1941.

The sole question is whether these British income taxes paid by peti-

tioner are such allowable deductions "attributable to the mineral property" as to have the effect of reducing the "net income from the property," which is a limitation to the extent of 50 per cent upon allowable depletion.[1] Respondent has issued regulations upon this subject which have in their general tenor been sustained as valid. *Helvering* v. *Wilshire Oil Co.*, 308 U. S. 90. Under these regulations the net income from the property is defined as the gross income, "less the allowable deductions attributable to the mineral property upon which the depletion is claimed * * * including overhead and operating expenses, development costs properly charged to expense, depreciation, taxes, losses sustained, etc., but excluding any allowance for depletion. Deductions not directly attributable to particular properties or processes shall be fairly allocated * * *." Regulations 103, sec. 19.23 (m)-1 (*g*).

There being no question that income taxes paid in Great Britain by petitioner as a British corporation were allowable deductions, the specific issue is whether they are to any extent "attributable to the mineral property"; respondent having allocated not the whole, but a proportionate part to the gross oil income, and petitioner having raised no question as to the propriety of such allocation if any part of the taxes involved is held to be so attributable.

The only distinction between this proceeding, on the one hand, and *Montreal Mining Co.*, 2 T. C. 688, and *Grison Oil Corporation*, 42 B. T. A. 1117, on the other, is that in the latter two cases, where state taxes were held to be deductible in the computation of net income, the business of the respective petitioners was limited to mineral production and its total income was considered as income from the producing properties. All we know about petitioner's business in the present proceeding is the admitted allegation in the petition that "Petitioner produces oil in the United States and in California and operates gasoline stations." Since respondent has not purported to allocate all of the deduction for British taxes to these properties, we can not regard that factor, even if it exists, as an adequate distinction in principle. British income taxes being based to some extent upon petitioner's income from these properties, the income taxable in Britain and consequently the taxes thereon must, we think, be viewed as at least partly attributable to the producing properties.

Petitioner's attempt to distinguish the *Grison* case on the ground that, "the production and sale of oil in the *Grison* case could not have been accomplished without the protection and benefit of Oklahoma [the taxing state] since all of the properties were located there and all operations were conducted there," can not survive in the face of

[1] "* * * Such allowance shall not exceed 50 per centum of the net income of the taxpayer (computed without allowance for depletion) from the property. * * *" (Internal Revenue Code, sec. 114 (b) (3).)

*Montreal Mining Co., supra.* Although in that case petitioner's mining business was confined to the State of Wisconsin, among the taxes held to be deductible in computing the net income from the property were Ohio franchise tax and Federal capital stock tax. The statement made there seems equally dispositive of the present proceeding: "Since the controverted items which respondent deducted from gross income are, admittedly, taxes, it is apparent that the propriety of his action is supported by the explicit terms of the regulations. Moreover, as we have pointed out above, the taxes in question were overhead expenses attributable to the mineral property upon which the depletion is claimed."

Nor do we view *F. H. E. Oil Co.*, 3 T. C. 13; affd. (C. C. A., 5th Cir.), 147 Fed. (2d) 1002, as precluding this reasoning. There, a deduction for charitable contributions was disapproved in computing net income. But the reasoning employed satisfies us of its inapplicability here. Those deductions were assumed to have been "of the character deductible only" because of section 23 (g), under which charitable deductions are permitted, "regardless of their connection with a corporate taxpayer's business." Here, not only were the British taxes paid as a direct consequence of petitioner's business and as one phase of its over-all business expense, but some part of its income and of the consequent British taxes was manifestly attributable to the oil properties in controversy.

*Decision will be entered for the respondent.*