## NEW PARK MINING CO et al. v. STATE TAX COMMISSION.

No. 7102.  Decided August 11, 1948.  (196 P. 2d 485.)

See 61 C. J. Taxation, Sec. 844.  Constitutionality, construction and application of provisions of state tax law for conformity with Federal income tax law or administrative and judicial interpretation, see note, 166 A. L. R. 516.  See, also, 27 Am. Jur. 378.

*Ingebretsen, Ray, Rawlins & Jones,* of Salt Lake City, for plaintiffs.

*Wayne Christofferson* and *Oscar W. Gray,* both of Salt Lake City, for defendant.

WOLFE, Justice.

Certiorari to the State Tax Commission to review a decision and order of the Commission requiring respective plaintiffs to deduct federal income and excess profits taxes before calculation of the depletion allowance to which they were entitled in computing their corporate franchise taxes under Section 80-13-8(9) (b), U. C. A. 1943. Three separate cases are before us. They were consolidated for hearing before the Commission, and they are likewise consolidated for purposes of this review. The cases were submitted to the Commission on stipulated facts.

Plaintiff, Tintic Standard Mining Company, hereinafter referred to as Tintic, is a Utah corporation, and plaintiffs New Park Mining Company, hereinafter referred to as New Park, and Utah Fuel Company, hereinafter referred to as Utah Fuel, are foreign corporations qualified to do business in Utah. All are engaged in mining.

During the years 1942, 1943, and 1944, New Park filed corporation franchise tax returns with the State Tax Commission, and in doing so, computed depletion under Section 80-13-8(9) (b), U. C. A. 1943, before deducting federal income and excess profits taxes. The same procedure was followed by Tintic in the years 1942 and 1943 and by Utah Fuel for the year 1943. Thereafter the auditing division of the Tax Commission proposed deficiency assessments against the respective plaintiffs for the years in question, based upon a recomputation of the depletion allowance. Plaintiffs petitioned for a hearing before the Commission.

At the hearing the stipulation of facts, the corporation franchise tax returns for the respective plaintiffs for the years in question, the audit reports prepared by the Tax Commission, and plaintiff's petitions for hearing before the Commission were introduced in evidence, and those papers and documents constitute the record before us. The sole question before the Commission was, and the sole question before this court is, whether plaintiffs were entitled to compute percentage depletion before deducting federal income and excess profits taxes. (If entitled to include these taxes in the base, the depletion deduction under Sction 80-13-8(9 (b) U. C. A. 1943, set forth hereafter, would be considerably greater.) The question was determined in the negative by the Commission.

The applicable statute are as follows (all statutes are in U. C. A. 1943) :

80-13-7.

" 'Net Income' means the gross income   *   *   *   less the deductions allowed by section 80-13-8."

80-13-8.

"In computing net income there shall be allowed as deductions:
      *      *      *      *      *
"(3)   Taxes paid or accrued within the taxable year,   *   *   *
      *      *      *      *      *
"(8)   In the case of mines   *   *   *   a reasonable allowance for depletion   *   *   *; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the tax commission. *   *   *
            *      *      *      *      *
"(9)   (a)   The basis upon which depletion [etc.]   *   *   *   are to be allowed in respect of any property shall be the same as is provided in section 80-13-14 for the purpose of determining the gain or loss upon the sale or other disposition of such property, except as hereinafter in this section provided.
"(b)   The allowance for depletion shall be thirty-three and one-third per cent of the net income from the property during the taxable year, computed without allowance for depletion, or on the basis provided in subsection (9) (a), as the taxpayer may elect.   *   *   *"

All of the plaintiffs in this case elected to compute depletion under subsection (9) (b) rather than under subsection (9) (a).

The theory upon which plaintiffs seek to overturn the order of the Tax Commission is that the phrase "net income from the property during the taxable year" [used in Section 80-13-8(9) (b)] is susceptible of various interpretations; that prior to the time these cases arose the law was uniformly interpreted by the Commission to mean that a taxpayer could calculate the allowance for depletion before the deduction of federal taxes; that the legislature met and adjourned several times between the enactment of the law and the time these cases arose, without ever amending the statute; that the legislature is presumed to have knowledge of the departmental interpretations; that the law was re-enacted in 1933 and again in 1943 without substantial change, and therefore the legislature must have approved the construction placed on the statute by the Commission. This argument is based upon the familiar doctrine that the re-enactment of the pertinent provisions in successive acts without substantial change must be treated as legislative approval of the regulations and of the administrative interpretation placed upon them. Defendant apparently concedes the validity of the rule just stated, but contends that it has no application here; First, because an administrative interpretation, to be sustained by the courts, must fall within the framework established by the statute, which the administrative interpretation asserted by plaintiffs does not do; and Second, there is no history of interpretation such as is asserted by plaintiffs.

We have heretofore set out, the essential provisions of Section 80-13-7 and 80-13-8, U. C. A. 1943. The former statute defines net income as "gross income * * * less the deductions allowed by Section 80-13-8." The latter enumerates the various items to be deducted from gross income to determine net income. In making their argument plaintiffs have either overlooked or wholly ignored subsection (3) of Section 80-13-8. That subsection

provides, in language which could hardly be made more clear, and certainly cannot be said to be ambiguous or uncertain, that taxes "paid or accrued within the taxable year" are one of the items to be deducted from gross income in order to determine net income. And subsection (9) (b) provides, in terms of equal clarity, that the allowance for depletion shall be 33⅓ per cent of the net income from the property. This is determinative of the case, for even if there were an administrative interpretation such as plaintiffs assert, this court could not permit such an interpretation to stand in flat contradiction to the clear terms of the statute. Since the statute, by its express terms provides that taxes shall be deducted from gross income to determine net income, it follows that plaintiffs were not entitled to compute depletion, before deducting federal taxes. However, it may be noted, that there is nothing in the record before us to indicate that the Commission ever interpreted the statute in the manner which plaintiffs assert.

We note, also, the contention of plaintiffs that the phrase "net income from the property during the taxable year" means something different from "net income." The theory upon which wasting assets corporations, such as mining companies, are allowed a deduction for depletion, is that the corporation franchise tax, is a tax on income or upon the increment produced by capital, and not upon the capital itself. Hence, wasting assets corporations are allowed a deduction for depletion on the theory that the taxpayer thus recoups its capital investment. But a wasting assets corporation may have income other than that derived from the sale of its capital. On such other income it is not entitled to a deduction for depletion. Hence in Section 80-13-8(9) (b) which provides for deduction for depletion, the words "net income" were qualified with the words "from the property" so that wasting assets corporations would not be entitled to make a deduction for depletion from all income, from whatever source derived. The words are not ambiguous and do not create a separate concept or a separate kind of net income

for tax purposes. They merely serve to indicate that deductions for depletion can be made only from that portion of the taxpayer's net income which is derived from sale of its capital assets.

From the foregoing it follows that the order of the Tax Commission must be, and the same is hereby affirmed.

McDONOUGH, C.J., and PRATT, WADE, and LATIMER, JJ., concur.