No. 39,967

In the Matter of the Appeal of PRODUCERS PIPE AND SUPPLY COM-
PANY from a Final Order of the STATE COMMISSION OF REVENUE
AND TAXATION OF THE STATE OF KANSAS, in its Docket No. 1248,
Assessing Income Tax Against Said Company for the years 1948,
1949 and 1950, *Appellant*, v. STATE COMMISSION OF REVENUE AND
TAXATION, *Appellee.*

(293 P. 2d 1003)

Opinion filed February 29, 1956.

*Barney J. Heeney, Jr.,* of Topeka argued the cause and was on the briefs
for the appellant.

*Paul Hurd* and *Dean Burkhead,* both of Topeka, argued the cause and were
on the briefs for the appellee

The opinion of the court was delivered by

PARKER, J.: This is an appeal by the Producers Pipe and Supply
Company, a corporation, hereinafter referred to as the appellant,
from a judgment of the district court of Shawnee County sustaining
a final order of the State Commission of Revenue and Taxation,
hereinafter referred to as the appellee, wherein the appellee had
sustained an additional assessment of income tax made by the
Director of Revenue against the appellant for the taxable years
of 1948, 1949, and 1950.

At the outset it may be generally stated that the decisive issue
involved on appeal is whether under the Kansas income tax act,
for the purpose of computing the 50 percent limitation on percent-
age depletion, the Federal income tax of the appellant attributable

to its oil and gas properties should be deducted from the gross income realized from such properties in arriving at the taxpayer's net income therefrom.

Since, except for applicable provisions of the statute to be presently mentioned, they include everything essential to a proper understanding of the appellate issues involved the findings of fact and conclusions of law made by the district court should be quoted at length. They read:

### "Findings of Fact

"1. The Appellant, Producers Pipe and Supply Company, is an Oklahoma corporation authorized and doing business within the State of Kansas. The Appellant's business includes the operation of certain oil properties located within the State of Kansas.

"2. The Appellant for the taxable years 1948, 1949 and 1950 kept its books and records and filed its federal and Kansas income tax returns on the accrual basis of accounting.

"3. The Appellant filed Kansas income tax returns for the taxable years 1948, 1949 and 1950, wherein it took deductions for federal income taxes and percentage depletion on its Kansas oil and gas properties. The Director of Revenue, upon an examination of these returns, disallowed a portion of the percentage depletion deduction and made a deficiency assessment against the Appellant for additional Kansas income tax and interest thereon by reason thereof.

"4. The appellant appealed said assessment to the State Commission of Revenue and Taxation; and after a hearing on the matter, the said Commission entered its order sustaining the assessment of the Director of Revenue on the law but required a recomputation of the amount of tax liability. This amount has since been adjusted and the actual amount here in controversy is $873.08.

"5. In arriving at the said deficiency assessment, the Director of Revenue deducted from the gross income of each of Appellant's oil producing property in Kansas a part of Appellant's federal income taxes which part was attributable to the income from said property in arriving at the net income of the Appellant from said property for the purpose of computing percentage depletion.

"6. There is no showing that Appellee's Order dated November 30, 1953, sustaining the prior action of the Director of Revenue as amended by Stipulation No. 14 is unreasonable, arbitrary, capricious or that said Order imposes an unjust burden upon Appellant.

### "Conclusions of Law

"1. The term 'net income' as used in G. S. Kan. 79-3213(c) (1), is defined in G. S. 79-3209 as 'gross income' less the deduction allowed by this Act except that no deduction is taken for depletion.

"2. In computing net income, federal income taxes paid or incurred by the taxpayer during the taxable year in question are allowed as deductions under the provisions of G. S. Kan. 79-3206.

"3. For depletion purposes net income of the taxpayer from the property

is equivalent to net taxable income before any deduction for depletion attributable to that property.

"4. Federal income tax resulting from oil production profits is an expenditure allocable to production and must be deducted in arriving at net income of the taxpayer from the property.

"5. The Appellee's allocation of the portion of Appellant's income tax to its oil producing properties is fair and reasonable.

"6. Appellee, State Commission of Revenue and Taxation, is entitled to judgment against Appellant, Producers Pipe and Supply Company, for $873.08 and the costs of this action."

The pertinent statutory provisions to which reference has just been made will now be quoted.

G. S. 1949, 79-3206, provides:

"(a) In computing net income there shall be allowed as deductions: . . . (3) taxes paid during the taxable year, . . . (11) in the case of . . . oil and gas wells . . . a reasonable allowance for depletion . . . (12) the basis upon which depletion, . . . are to be allowed in respect of any property shall be as provided in section 79-3213; . . ."

G. S. 1949, 79-3213 (c) (1), containing, among other things, the language giving rise to this lawsuit, which has been underlined for purpose of emphasis, provides:

". . . In the case of oil and gas wells, the allowance for depletion . . . shall be 27½ percent of the gross income from the property during the taxable year . . . *Such allowance shall not exceed 50 percent of the net income of the taxpayer (computed without allowance for depletion) from the property,* . . ." (Emphasis supplied.)

The record discloses no controversy between the parties regarding their respective positions. On one hand the appellant admits that for the purpose of limiting percentage depletion, it took no deduction of federal income taxes in arriving at its net income (computed without allowance for depletion) from its Kansas oil properties for the years 1948, 1949 and 1950, and contends the statute does not require it to do so. On the other the appellee concedes that, for the purpose of limiting percentage depletion, it deducted a portion of appellant's federal income taxes from appellant's gross income (from its Kansas oil properties) in arriving at its net income (computed without allowance for depletion) from such property for the years in question. It contends the statute requires the appellant to reduce its net income by the part of its federal income tax allocated by the Director of Revenue as attributable to the income from its oil properties.

Nor is there dispute about the results flowing from the positions

by the parties. The effect of appellee's position is to reduce the amount of the 50 percent limitation, which in turn reduces the amount of the depletion deduction. With the deduction decreased appellant's net income subject to Kansas income tax is increased. The result of appellant's position is to increase the amount of the 50 percent limitation which in turn increases the amount of the depletion deduction. With the deduction increased the net income subject to Kansas income tax is decreased.

From what has been heretofore related it becomes obvious the primary question for decision depends upon the construction to be given the pertinent provisions of our statute. Their language, it may be stated, seems to be quite clear and free from ambiguity. Section 79-3206, after providing that taxes, including federal taxes paid during the taxable year shall be allowed as deductions, specifies that the basis upon which depletion is to be allowed in respect of any property shall be as provided in 79-3213. Section 79-3213 (c) (1), after granting the taxpayer, in the case of oil and gas wells, an allowance for depletion amounting to 27½ percent of the income from the property during the taxable year, provides that such allowance shall not exceed 50 percent *of the net income* of the taxpayer (computed without allowance for depletion) from the property.

When the clear and unequivocal language of 79-3213 (c) (1) is construed in conjunction with the equally plain and unambiguous language of 79-3206 and 72-3209, we have no difficulty in concluding that, limited to the manner and method of computing income of the taxpayer from the property for the purpose of limiting percentage depletion, the only reasonable construction to be given the provisions of 79-3213 (c) (1) is that net income of the taxpayer, computed without allowance for depletion, means what is left after every allowable deductible item (including federal taxes), except depletion, is deducted from gross income. The result, since the language of the statute is so clear as to preclude other interpretation, and there is no showing appellee's allocation of federal income tax attributable to appellant's properties in Kansas was unreasonable, arbitrary or capricious, is that appellee's position regarding the matter here in controversy must be upheld and the trial court's judgment with respect thereto should be affirmed.

In view of the conclusion just announced it is not required that we here labor or discuss decisions from foreign jurisdictions cited

by the parties with regard to their respective positions. It suffices to say that among them we have found no decisions which, in construing a statute similar to our own, are to be regarded as warranting a contrary conclusion. On the other hand, and without attempting to point out features which it may be conceded tend to impair their value as controlling precedents, it should be stated that we find several supporting the views herein expressed respecting the force and effect to be given the provisions of our own statute. See, e. g., *New Park Mining Co., et al. v. State Tax Commission,* 113 Utah 410, 196 P. 2d 485; *Kennecott Copper Co., et al., v. State Tax Commission,* 118 Utah 140, 221 P. 2d 857; *Grison Oil Corporation,* 42 B. T. A. 1117; *St. Marys Oil & Gas Co.,* 42 B. T. A. 270; *Montreal Mining Co.,* 2 T. C. 688; *Kern Oil Co., Ltd.,* 9 T. C. 1204. For an interesting discussion, dealing generally with the subject as applied to the Federal statute, which we pause to note is the same as the Kansas statute with respect to the allowance of deduction for depletion, see Breeding and Burton on Taxation of Oil and Gas Income, pp. 182 to 187 incl. §§ 11.15 to 11.19 incl.

Nor do we feel called upon to detail and discuss the numerous arguments advanced by appellant to the effect that the appellee's, and what we have just held to be our own, construction of the involved provisions of G. S. 1949, 79-3213 (c) (1) has resulted, and in the future will result, in placing a heavy burden on reporting taxpayers in the preparation of their returns and may produce unequal results as to some, particularly those making their tax returns, as it does, on an accrual basis. However, we do feel impelled to state that, in the main, the short and over-all answer to all such arguments, as are worthy of note, is to be found in 27 Am. Jur., Income Taxes, 378 § 125, where it is said that "since the allowance of a depletion deduction is an act of legislative grace, it is immaterial that the provision for percentage depletion may produce unequal results." This, it is to be noted, is just another way of saying that in the absence of its unreasonable, arbitrary or capricious administration a taxpayer, if he desires to take advantage of its terms, must accept the burdens as well as the benefits of an act of legislative grace such as is here involved.

The judgment is affirmed.

HARVEY, C. J., not participating.