492 P.2d 1243

**L. Waldo DEWITT et al., Appellants,**
v.
**MAGMA COPPER COMPANY, a Delaware corporation, Appellee.**
No. 2 CA–CIV 1030.

Court of Appeals of Arizona, Division 2.
Jan. 27, 1972.
Rehearing Denied March 13, 1972.
Review Denied April 11, 1972.

**306**

Gary K. Nelson, Atty. Gen., by James D. Winter, Asst. Atty. Gen., Phoenix, for appellants.

Twitty, Sievwright & Mills, by Howard A. Twitty, Phoenix, for appellee; Haliburton Fales II, New York City, of counsel.

HATHAWAY, Judge.

Magma Copper Company, appellee, brought suit in the Superior Court of Pinal County in October 1969, to obtain a refund from the State of Arizona of income taxes in the amount of $159,836 with interest. The defendant, Arizona Tax Commission, moved for summary judgment on the basis that federal income taxes are deductible in determining the net income limitation on the depletion allowance for purposes of the Arizona Income Tax Act. Magma's position was that the tax commission had consistently followed the procedure of not deducting federal income taxes in computing the net income limitation for percentage depletion and that a change in such practice without advance notice to Magma, together with the retroactive application of the "new rule" by the tax commission, violated the due process provisions of the Constitution of Arizona and the United States Constitution. The tax commission's motion for summary judgment was denied and the case proceeded to trial before the superior court, sitting without a jury. Findings of fact and conclusions of law were requested and made by the court. The court awarded judgment to Magma Copper Company in the amount of $133,977 for overpayment of 1965 Arizona income taxes and $18,719.73 for overpayment of interest; $6,595 for overpayment of 1966 Arizona income taxes and $525.87 for overpayment of interest; together with interest on said amounts at the rate of six per cent per annum from the date of payment to the State Tax Commission until paid by the State Tax Commission and for costs.

The court found that the practice of the tax commission up to 1965 was not to deduct federal income tax in computing net income for percentage depletion; the change in policy was attributable to a change in the members of the tax commission; and the administrative practice not to deduct federal income taxes in computing net income for percentage depletion constituted an authoritative administrative interpretation of Arizona tax law on which taxpayers had a right to rely in the absence of legislative change.

The sole question presented is whether federal income taxes are deductible in determining the net income

limitation on the Arizona income tax depletion allowance. In considering this question we first examine the applicable statutes.

A depletion allowance is provided for in computing the Arizona income tax by the following portion of A.R.S. § 43–123, subsec. m (Supp.1971–72):

"(m) Depletion. In computing net income there shall be allowed as a deduction, in the case of mines, . . . a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case, such reasonable allowance in all cases to be made under rules and regulations prescribed by the tax commission.

\* \* \* \* \* \*

The percentage of depletion allowable under this subsection shall be computed in accordance with the provisions of § 43–154(b) (3) and (4)."

The pertinent portions of A.R.S. § 43–154, subsec. b, par. 4 (1956) pertaining to computation of depletion allowance are as follow:

"(4) Percentage depletion, mines

(A) In general the allowance for depletion under § 43–123(m) shall be:

\* \* \* \* \* \*

(iii) In the case of metal mines, . . fifteen per cent;

\* \* \* \* \* \*

The allowance shall not exceed fifty per cent of the net income of the taxpayer (computed without allowance for depletion) from the property."

Magma's position is that in determining the net income limitation on the percentage depletion allowance, federal taxes are not deducted from gross income. The Arizona State Tax Commission's assessment of the deficiency which is in issue was computed after the deduction of federal and Arizona state income taxes from gross income in arriving at the net income limitation of the percentage depletion allowance. The computation, made in this manner, resulted in less depletion allowance and consequently a higher Arizona income tax.

Because the result in this case necessarily turns on the language of our taxation statutes we set forth the additional pertinent provisions:

"Gross income" is defined under A.R.S. § 43–112 (Supp.1971–72) as follows:

"(a) Definition—'Gross income'. Gross income includes gains, profits, and income derived from salaries, wages, or compensation for personal service, including personal service as an officer or employee of this state or the federal government, or any political division thereof or any agency or instrumentality of any one or more of the foregoing, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever, including interest which now or hereafter constitutionally may be taxed."

The phrase "net income" is defined in the Income Tax Act of 1954 as follows:

" 'Net income' means the gross income computed under this title less the deductions allowed by this title." A.R.S. § 43–111 (1956).

In computing net income tax deductions are allowed as provided in A.R.S. § 43–123, subsec. c (Supp.1971–72), the apposite portions of which follow:

"In computing net income there shall be allowed as a deduction taxes or licenses paid or accrued during the taxable year, except:

(1) Taxes on or according to or measured by income or profits paid or accrued within the taxable year imposed by the authority of the government of any foreign country, or any state, other

than the state of Arizona, any territory or taxing subdivision of any such state or territory."

Since federal income taxes and Arizona state income taxes are not a specific exception as set forth, they are deductible in computing net income under the Arizona Income Tax Act. Federal and Arizona state income taxes being deductible in computing net income, we believe, are also deductible in computing the percentage depletion allowance. Magma argues that this result confuses two different tax concepts, since "taxes" contemplated by the regulations referring to depletion are based on "net income for the taxpayer . . . from the property." This argument was sufficiently repudiated in New Park Mining Co. v. State Tax Commission, 113 Utah 410, 196 P.2d 485, 487 (1948), the court stating:

"The words ['from the property'] are not ambiguous and do not create a separate concept or a separate kind of net income for tax purposes. They merely serve to indicate that deductions for depletion can be made only from that portion of the taxpayer's net income which is derived from sale of its capital assets."

■ Magma's primary contention throughout these proceedings has been that the tax commission's long-standing administrative procedure has been to allow computation of the depletion allowance without prior deductions for federal income taxes and that the tax commission cannot now change its practice without legislative amendment of the statutes. It argues that the best that can be said for the tax commission's position is that the Arizona depletion statute is capable of two constructions, and accordingly, where an administrative construction is placed on an act over a long period of time and there is ambiguity, the court construing the statute will acquiesce in such construction. City of Mesa v. Killingsworth, 96 Ariz. 290, 394 P.2d 410 (1964). If a taxing statute is ambiguous, Magma contends, it should

be construed liberally in favor of the taxpayer and strictly against the state. Corporation Commission v. Equitable Life Assur. Soc., 73 Ariz. 171, 239 P.2d 360 (1951); State Tax Commission v. Miami Copper Company, 74 Ariz. 234, 246 P.2d 871 (1952). The record is in conflict as to the nature and duration of prior administrative construction regarding computation of the depletion allowance. In any event, such prior construction is not determinative as we find that the statutes contain a sufficiently clear statement of legislative intent. As our Supreme Court aptly stated in Automatic Registering Machine Co., Inc. v. Pima County, 36 Ariz. 367, 370–71, 285 P. 1034, 1035 (1930):

"In determining the true meaning of a statute the great fundamental rule is to ascertain and give effect to the intention of the Legislature. [Citations omitted] This intent is, of course, determined primarily from the language of the statute itself, and, when that is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resorting to the rules of statutory construction. The statute must be given its plain and obvious meaning."

The identical issue was considered in New Park Mining Co. v. State Tax Commission, supra, the court stating:

"This [the statutory language] is determinative of the case, for even if there were an administrative interpretation such as plaintiffs assert, this court could not permit such an interpretation to stand in flat contradiction to the clear terms of the statute." 196 P.2d at 487.

See also Kennecott Copper Co. v. State Tax Commission, 118 Utah 140, 221 P.2d 857 (1950).

The questions which Magma raises here have been before the appellate courts of three other states. In each case the position urged by Magma has been rejected. See New Park Mining Co. v. State Tax Commission, supra; Kennecott Copper Company v. State Tax Commission, supra; Producers Pipe and Supply Co. v. State

Commission of Revenue and Taxation, 179 Kan. 231, 293 P.2d 1003 (1956); Daube v. Oklahoma Tax Commission, 310 P.2d 768 (Okl.1957). Magma attempts to distinguish these cases on the grounds that interpretation of different statutory language is required and that the two latter cases dealt with oil and gas rather than minerals. We have, however, examined these cases and the applicable statutory provisions and find no significant difference regarding the concept of depletion allowance as a percentage of net income that would require a different outcome in Arizona, e. g., there is no difference in the language of those statutes that would allow us to construe our statutory provisions differently for the purpose of determining what "net income from the property" means. We are fully in accord with the holdings of those courts having considered the question now before us and therefore believe it would be pointless to consider the issue in greater detail.

If we were to adopt the contentions of Magma we would have to read A.R.S. § 43–154, subsec. b, par. 4 (1956) to provide:

> "The allowance shall not exceed fifty per cent of the net income of the taxpayer (computed without allowance for depletion *or federal income taxes*). (Emphasized language added).

Clearly the language does not provide for net income for depletion purposes to be computed without a deduction of federal income taxes. Magma has failed to distinguish this case from the four cases from the other jurisdictions cited above. It has also failed to demonstrate that there is any ambiguity in the applicable Arizona statutes that require an administrative construction. We therefore reverse the judgment and remand the case to the superior court with instructions to vacate the judgment entered in favor of Magma Copper Company and enter a judgment in favor of the Tax Commission of Arizona in accordance with this opinion.

HOWARD, J., and LLOYD FERNANDEZ, Judge of the Superior Court, concur.

NOTE: Chief Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge LLOYD FERNANDEZ was called to sit in his stead and participate in the determination of this decision.