600 P.2d 29

Elaine McELDOWNEY, Appellant,

v.

OSBORN SCHOOL DISTRICT NO. 8 MARICOPA COUNTY, Dr. Donald Fournier, Dorothy Jennings, James Stapley, Kenneth Morgan and S. Earl Pugh, Jr., members of the Osborn School District No. 8 Maricopa County, Board of Trustees, and C. L. Whitecraft, Superintendent and Richard Harris, Maricopa County Schools Superintendent, Appellees.

No. 14442.

Supreme Court of Arizona, En Banc.

Sept. 13, 1979.

Norman F. Meyer, Phoenix, for appellant.

Charles F. Hyder, Maricopa County Atty. by Q. Dale Hatch, Deputy County Attys., Phoenix, for appellees.

HAYS, Justice.

This is an appeal by Elaine McEldowney, plaintiff in the trial court, from a directed verdict in favor of the defendants in a trial to the court rendered after the plaintiff had rested her case. The Supreme Court has jurisdiction in this case pursuant to 17A, A.R.S., Rules of Civil Appellate Procedure, rule 19(e). The judgment of the trial court is affirmed.

At all times material to this cause the appellant was a continuing teacher with the Osborn School District. *See* A.R.S. § 15–251(2).

During the 1972–73 school year appellant received a salary of $11,477.00. The school district offered her a contract in the amount of $12,421.00 for the 1973–74 year, but instead of accepting the contract, appellant sought and received a leave of absence, pursuant to A.R.S. § 15–444.02, for the purpose of teaching out of the country, in Iceland. At the conclusion of the 1973–74 school year, appellant sought an additional one-year leave of absence, again for the stated purpose of teaching outside the country, this time in Japan. This leave was also granted.

After some discussion, which resulted in a claim for attorney's fees in the complaint in this case, appellant was offered a contract for the 1975–76 year in the amount of $12,421.00, an amount identical to that which she was entitled to prior to her leave of absence, plus an additional sum of $400.00 for additional graduate courses she had accumulated. Appellant signed the contract under protest, and brought this suit, alleging that because of the progress of inflation, she was receiving a reduction in salary in violation of A.R.S. §§ 15–257 and 15–444.02(E).

Appellant also sought to recover from the School District attorney's fees incurred when the District initially failed to tender her any contract for the 1975–76 school year, even though the error was shortly corrected without litigation. This issue will be resolved at the conclusion of this opinion.

Two statutes are involved in the resolution of the primary claim.

A.R.S. § 15–444.02(E) provides:

"If leave is granted, all rights of tenure, retirement, accrued leave with pay, salary increments and other benefits provided by law shall be preserved and available to the applicant after the termination of the leave of absence."

A.R.S. § 15–257 provides, in pertinent part:

"[N]o reduction in the salary of a continuing teacher shall be made except in accordance with a general salary reduction in the school district in which he is employed."

Both parties to this lawsuit have cited to the court cases from other jurisdictions, touching upon some of the issues involved herein, but not involving the exact factual setting we find here, nor with the identical statutory framework. *See, e. g., Newark Teachers Assn. v. Board of Education of Newark*, 108 N.J.Super. 34, 259 A.2d 742 (1969); *Cooke v. Board of Education*, 82 U.S.App.D.C. 117, 161 F.2d 877 (D.C.1947); *Greenway v. Board of Education of the City of Camden*, 129 N.J.L. 46, 28 A.2d 99 (1942); *Fry v. Board of Education of City and County of San Francisco*, 17 Cal.2d 753, 112 P.2d 229 (1941).

In our view, the language of the Arizona Statutes, A.R.S. §§ 15–444.02(E) and 15–257, *supra*, is clear on its face and does not require the application of other rules of statutory construction or analogous decisions to resolve the fact situation presented here. *See Padilla v. Industrial Commission*, 113 Ariz. 104, 546 P.2d 1135 (1976); *Dewitt v. Magma Copper Co.*, 16 Ariz.App. 305, 492 P.2d 1243.

The plain and simple truth in this case is that the appellant's salary was not "reduced" [*cf. Taft v. Bean*, 24 Ariz.App. 364, 538 P.2d 1165 (1975)], and all of the "rights of tenure, retirement, accrued leave with pay, salary increments, and other benefits provided by law" earned and accumulated by appellant prior to her requesting and receiving the back-to-back one-year leaves of absence, were indeed preserved and made available to her after the termination of her leave of absence.

Essentially, appellant argues that under A.R.S. § 15–444.02(E) she should have been advanced on the salary scale during her two leaves of absence so that, on a percentage basis, she would have received a salary proportionately higher than the one offered to her upon her return.

But the statute speaks of benefits "preserved," not increased. Plaintiff was of-

fered compensation at the same level that she would have received if she had taught in Arizona in 1973–74. All her benefits, consequently, were preserved. We find no authority for the proposition that the school board must increase a teacher's salary according to a certain percentage formula even though the teacher is on a leave of absence. To accept such a proposition is tantamount to reading into the statute a requirement that all salary range increases automatically inure to the benefit of a teacher on leave. Such is neither the intent nor the wording of the statute.

Appellant has not cited, nor have we been able to discover, any evidence of an intent of the Arizona Legislature, the paramount consideration here [*Mardian Construction Co. v. Superior Court*, 113 Ariz. 489, 557 P.2d 526 (1976); *Dewitt v. Magma Copper Co., supra*], to protect teachers who obtain leaves of absence, whether for teaching abroad, family problems, or other reasons acceptable to their districts, from the ups or downs of the economy. Appellant was fully paid for her two years of teaching abroad and given all credits which had accrued to her when she began her leaves of absence. Our statutes require nothing further.

■ Appellant has asked us to hold that A.R.S. § 12–341.01 authorizes a separate action for, and the recovery of attorney's fees incurred in negotiating and settling a dispute short of a lawsuit. Assuming, *arguendo*, that appellant was required to employ an attorney in order to insure that the District would comply with its statutory responsibility to tender her a contract for the 1975–76 school year, and assuming further that the efforts of the attorney were partly or wholly responsible for such a tendering (matters which are disputed in the record), and the amount of fees was reasonable for the time spent and the result achieved, the statute in question still does not admit to the construction sought by appellant.

A.R.S. § 12–341.01 reads as follows:

"A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees. This section shall in no manner be construed as altering, prohibiting or restricting present or future contracts or statutes that may provide for attorney's fees.

"B. The award of reasonable attorney's fees awarded pursuant to subsection A should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney's fees actually paid or contracted, but such award may not exceed the amount paid or agreed to be paid.

"C. Reasonable attorney's fees shall be awarded by the court in any contested action upon clear and convincing evidence that the claim or defense constitutes harassment, is groundless and not made in good faith. In making such award, the court may consider such evidence as it deems appropriate and shall receive this evidence during trial on the merits of the cause, or separately, regarding the amount of such fees as it deems in the best interest of the litigating parties.

"D. Reasonable attorney's fees awarded under the provisions of this section shall be awarded by the court and not by a jury."

Under the same decisions set forth above in *Padilla, Dewitt* and *Mardian Construction Co.*, the language of the statute is clear and the intent of the legislature is likewise plain. The words "in any contested action" and "the award of reasonable attorney's fees awarded pursuant to subsection A should be made to mitigate the expense of litigation" and all subsections C and D, *supra*, envision a lawsuit as an essential predicate to the awarding of the attorney's fees allowed by A.R.S. § 12–341.01. Appellant has not urged that there is any other specific contract or statutory basis for the attorney's fees claimed. *See Sellinger v. Freeway Mobile Home Sales, Inc.*, 110 Ariz. 573, 521 P.2d 1119 (1974).

The judgment of the Superior Court is affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.