617 P.2d 19

**J. W. HANCOCK ENTERPRISES, INC., dba Camelot Homes, Appellant,**

v.

**The REGISTRAR OF CONTRACTORS of the State of Arizona and Joel M. White, Appellees.**

**No. 14681.**

Supreme Court of Arizona, In Division.

Sept. 3, 1980.

Sargeant, Elliott & Newman by William P. Sargeant, III, Phoenix, for appellant.

Fogel & Lamber, P. A. by Dennis M. Lamber, Phoenix, for appellees.

HOLOHAN, Vice Chief Justice.

Joel M. White entered into a contract with J. W. Hancock Enterprises, Inc. to construct a home. On December 2, 1976, a dispute arose over the quality of workmanship and performance of the contract. White filed a complaint against Hancock with the Registrar of Contractors. After an administrative hearing on April 4, 1977, and a limited rehearing on July 30, 1977, the Registrar of Contractors suspended appellant Hancock's contractor's license for sixty (60) days pursuant to A.R.S. § 32–1154(3) & (4). Hancock filed an action in the superior court for review of the decision of the Registrar of Contractors. The superior court affirmed the decision of the Registrar. Hancock filed a timely appeal.

We assumed jurisdiction of this appeal pursuant to Rule 19(e), ARCAP, 17A A.R.S.

The facts established by the record are that the home to be constructed for White was customized in some particulars, one of which was that the cabinets were to be color coordinated in a color chosen by Mrs. White. This color scheme was to be carried out in all the cabinets throughout the house. In March 1976, the Whites were informed that the pine cabinets originally chosen were unavailable. More expensive birch cabinets were installed, at no extra charge, but these cabinets did not stain in the same hue as is obtained on the pine cabinets.

Additional coats of stain were applied by the contractor in April in an effort to match the original color chosen. The results of this effort not only did not correct the color situation but aggravated the condition. The Whites could not get the contractor to correct the problems caused by the restaining, so they filed a complaint with the Registrar.

At the hearing before the Registrar an investigator testified that the cabinets were intensely dark and unevenly sprayed, some areas having been missed altogether, that hardware had been sprayed over, that chipping was occurring on the hinges and corners and that the stain was completely worn off on the corners and too dark to see any grain effect elsewhere. The investiga-tor, a general contractor who built and finished his own cabinets, stated, "It is a splotchy job of painting, it's a mottled effect and to me it doesn't look like a very good job."

Other evidence offered indicated that the refinisher knew that the color situation could not be cured by the means used. Pertinent findings of fact made by the Registrar's hearing officer are as follows:

"6) That the Respondent failed to furnish the cabinets specified with the finish specified.

7) That in attempting to correct the color of the finish on the subject cabinets, Respondent failed to make the finish conform to specifications.

8) That the cabinets were supposed to have a stain which showed the wood grain, giving a reddish hue.

9) That Respondent has failed to achieve the correct finish.

10) That in addition, Respondent sprayed over the hinges with varnish when refinishing the cabinets.

11) That the varnish was chipping off the hinges and wearing off the corners of the cabinets within a short time.

12) That the result is unsightly to the Complainant who contracted for custom cabinetry."

The appellant claims the trial judge abused his discretion in holding that the record supported the Registrar of Contractor's findings of fact.

The scope of review of an administrative agency's findings of fact is limited to whether the findings were arbitrary, capricious, or showed an abuse of discretion. *Schade v. Arizona State Retirement System*, 109 Ariz. 396, 398, 510 P.2d 42 (1973), *Arizona Board of Regents v. Superior Court*, 106 Ariz. 430, 477 P.2d 520 (1970). Our review of the record convinces us that the evidence fully supports the lower court's decision.

Hancock maintains that the facts found by the Registrar do not support the legal

conclusion that the contractor has violated the code sections relied on by the Registrar of Contractors.

The Registrar suspended Hancock's license for materially departing from or disregarding the plans or specifications and for the violation of a rule promulgated by the Registrar. A.R.S. § 32–1154(3) and (4). The rule violated was that "[a]ll work shall be done in a workmanlike manner." Former Rule 6, now ACRR R–4–9–08. Under the former Rule 6, compliance with a municipal building code would constitute compliance with the standard. There is no building or trade code which is applicable to this case. Hancock argues that without an objective standard the term "workmanlike manner" is too vague to provide a standard.

■ No Arizona case was called to our attention which defined the phrase. From our review of other authorities we approve the definition used by the Oregon Supreme Court that "[A workmanlike manner] means doing the work in an ordinarily skilled manner as a skilled workman should do it." *Brown v. Eakins*, 220 Or. 122, 348 P.2d 1116, 1117 (1960). This definition is in accord with that recently adopted by the Registrar of Contractors that the standard applied should be determined by reference to established usage, procedures and acceptable industry practices prevailing when such work was performed.*

■ The clear inference to be drawn from the testimony before the Registrar was that the cabinets were not finished in a "workmanlike manner." The violation of A.R.S. § 32–1154(4) was established.

■ The findings of fact also clearly establish that appellant failed to conform to specifications. Whether such failure was material is also a question of fact. *See Am. Petrofina Co. of Texas v. D & L Oil Supply*, 283 Or. 183, 583 P.2d 521 (1978).

Appellant claims that the color and degree of stain is merely a matter of aesthetics and cannot be regarded as a material departure from plans and specifications.

The only case cited in appellant's brief, *S.D. & D.L. Cota Plastering Co. v. Moore*, 247 Iowa 974, 77 N.W.2d 475 (1956), does not support their argument. In the cited case the issue was whether there had been substantial performance of a contract to apply a "quikbrik" mix to the exterior of a home. The Iowa Supreme Court noted that issue was a factual question. The home owners in the Iowa case were awarded $250 credit against the claim of the contractor so that the color and crack defects could be repaired. The Iowa Supreme Court also pointed out that the defendants, the home owners, did not, several weeks after the completion of work, consider the color defects extremely serious or irremediable.

■ In contrast, the evidence before the Registrar establishes that the Whites have consistently considered the cabinet color to be a serious problem. The attempted remedy made the situation worse because the work was done improperly. Hancock's failure to conform to the specifications regarding the choice of stain, together with the other defects in the refinishing of the cabinets, can be regarded as a material departure from the specification, so the Registrar's decision on this issue is supported by the evidence. The trial court was correct in affirming the decision of the Registrar.

■ Nor do we believe that the Whites' participation in subsequent efforts to remedy the stain problem varied the standards or specifications applicable to this case. It is undisputed that the Whites were given no choice in replacing the pine cabinets with birch. In attempting to get the birch cabinets to match the originally chosen stain, the Whites signed their approval to the color obtained on the back of a test panel prepared for their review. No evidence was presented to prove that the end result did in fact match the signed sample. The sample, always in Hancock's or its agent's possession, was never offered in evidence because it was apparently lost or inadvertently destroyed.

---

* See ACRR R–4–9–08(D) added by the Registrar to the former Rule 6 on October 18, 1979.

Testimony from both sides indicates that at all times the Whites desired and insisted that the cabinets be stained in conformance with their original selection. There is no evidence that the Whites waived their rights under the construction contract.

■ The final issue relates to the Whites' claim for attorney's fees as the successful party in a "contested action arising out of contract, expressed or implied." A.R.S. § 12–341.01. We decline at this time to consider the applicability of the cited section to cases of this nature. We believe that this appeal was frivolous and was brought only for the purpose of delaying the enforcement of the order of the Registrar. Pursuant to Rule 25, Rules of Civil Appellate Procedure and A.R.S. § 12–2106, we assess damages in the nature of attorney's fees against appellant and in favor of appellees in the sum of $500 and direct the trial court to enter judgment for such sum. *See Hugh Kelly Enterprises v. Ferry–Morse Seed Co.*, 118 Ariz. 392, 577 P.2d 1 (App. 1978).

The Judgment is affirmed.

STRUCKMEYER, C. J., and GORDON, J., concur.