838 P.2d 1369

**Brian F. SEMPLE, Plaintiff–Appellant,**

**v.**

**TRI–CITY DRYWALL, INC., License No. 54243, Class C–10 and the Arizona Registrar of Contractors, Defendants–Appellees.**

**No. 1 CA–CV 90–656.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 8, 1992.

Brandes, Lane, Joffe, Gagleard & Roach, P.C. by Richard N. Brandes, Joseph M. Huby, Michael W. Foster, Phoenix, for plaintiff-appellant.

Johnson, Rasmussen & Johnson by Dale W. Robinson, Bryn R. Johnson, Mesa, for defendant-appellee Tri–City Drywall.

Grant Woods, Atty. Gen. by Bridget Fitzgibbons Harrington, Asst. Atty. Gen., Phoenix, for defendant-appellee Registrar of Contractors.

## OPINION

GRANT, Judge.

This appeal presents a question that has not yet been decided in Arizona. In a review of an administrative decision by the Registrar of Contractors, may the trial court, pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") section 12–341.01(A), award to the prevailing party attorney's fees incurred in the proceedings before the Registrar of Contractors? We hold that the statute does not provide for such an award and thus reverse that portion of the judgment awarding appellee Tri–City Drywall ("Tri–City") its attorney's fees incurred in the administrative proceedings.

## I. FACTS AND PROCEDURAL BACKGROUND[1]

Appellant Brian F. Semple ("Semple") entered into a contract with Tri–City under which Tri–City was to perform drywall and knockdown texture work on the interior of a residence Semple was building. A dispute arose between Semple and Tri–City regarding the quality and scope of the work done by Tri–City. Semple filed a complaint against Tri–City with the Registrar of Contractors ("the Registrar").

Following an on-site inspection of the drywall work, the Registrar closed the complaint based on the inspector's conclusion that the work called for under the contract had been satisfactorily completed. Semple requested an administrative hearing on the matter. The Registrar therefore issued a citation and complaint against Tri–City.

A hearing on the complaint was conducted by an administrative hearing officer. Both parties were represented by counsel. The hearing officer found that Tri–City had completed the work called for in the contract and that the work met minimum workmanship standards. He concluded that the evidence failed to indicate that Tri–City had violated any provision of A.R.S. section 32–1154(A) and recommended that the citation and complaint be dismissed. The Registrar adopted the recommendation of the hearing officer.

Semple moved for rehearing and review of the decision. Rehearing was denied. Semple filed in the superior court a complaint for review of the final administrative decision of the Registrar.

Tri–City moved to dismiss the complaint on the ground that it was untimely filed. After conducting an evidentiary hearing, the trial court granted the motion to dismiss. Prior to entry of judgment, Tri–City filed a motion for an award of its attorney's fees incurred in the proceedings before the Registrar as well as in the action in the trial court. Tri–City argued that the "action" began when Semple filed a complaint against Tri–City with the Registrar and that because the matter arose out of the contract between the parties, it was entitled to an award of fees pursuant to A.R.S. section 12–341.01(A).

---

1. The statement of facts in appellant's opening brief does not contain any references to the record. Such references are required by Rule 13(a)(4), Arizona Rules of Civil Appellate Procedure. Therefore, we have disregarded appellant's statement of facts. *See Flood Control District of Maricopa County v. Conlin,* 148 Ariz. 66, 68, 712 P.2d 979, 981 (App.1985). We have relied on our review of the record for the statement of facts in this opinion. We warn counsel that such omissions may result in the court striking the brief.

In response, Semple argued that the action did not arise out of contract but instead out of a decision by an administrative agency. He also asserted that there was no prevailing party yet because another case between the parties regarding Tri-City's entitlement to payment under the contract was still pending.

The trial court entered judgment dismissing Semple's complaint. The judgment included an award of $6,391 for attorney's fees incurred by Tri-City in both the Registrar of Contractor proceedings and the trial court action. Semple timely filed a notice of appeal from the judgment.

## II. DISCUSSION

Semple's only issue on appeal is whether the trial court's award of attorney's fees pursuant to A.R.S. section 12–341.01(A) was proper when the award included fees incurred in the administrative proceedings before the Registrar. As a threshold issue, Tri-City argues that Semple is precluded from asserting this issue on appeal because he did not argue it in the trial court.

### A. Is the issue properly before this court?

■ Generally, a party on appeal may not advance a theory or raise an issue that was not presented in the trial court. *Contempo Constr. Co. v. Mountain States Tel. & Tel. Co.*, 153 Ariz. 279, 282, 736 P.2d 13, 16 (App.1987). However, this rule is not jurisdictional but instead is procedural and exists for orderly court administration. *Brown v. Arizona Public Service Co.*, 164 Ariz. 4, 790 P.2d 290 (App.1990).

■ In the case below, Semple did not thoroughly argue that the trial court could not award fees incurred in the administrative proceedings. However, he did maintain that Tri-City was not entitled to an award of fees under A.R.S. section 12–341.01 because the trial court action was an appeal of a decision by an administrative agency and did not arise out of contract. Furthermore, in its motion for an award of fees, Tri-City asserted that the "action" began with the filing of the complaint with the Registrar and thus that it was entitled to its fees incurred in the proceedings be-

fore the Registrar. We believe these references are sufficient to indicate that the issue of whether the fees incurred in the administrative proceedings could be awarded was raised below. Furthermore, the facts are undisputed, and the issue is one of substantive law that affects the general public interest. Our refusal to consider the issue would allow an erroneous application of A.R.S. section 12–341.01 to stand. *See Brown*, 164 Ariz. at 6, 790 P.2d at 292, citing *Stokes v. Stokes*, 143 Ariz. 590, 694 P.2d 1204 (App.1984).

### B. Application of A.R.S. section 12–341.-01.

■ On the merits of this question, the parties cite a few Arizona cases in which attorney's fees have been sought in appeals arising out of administrative proceedings. In one, *J.W. Hancock Enterprises, Inc. v. Registrar of Contractors*, 126 Ariz. 511, 617 P.2d 19 (1980) (*"Hancock I"*), the successful party sought fees, apparently those incurred in the appeal to the Arizona Supreme Court, under A.R.S. section 12–341.-01. The court declined to consider the applicability of that statute to actions for review of decisions of the Registrar of Contractors and instead awarded fees pursuant to Rule 25, Arizona Rules of Civil Appellate Procedure, and A.R.S. section 12–2106, based on its conclusion that the appeal was frivolous.

Another case, *J.W. Hancock Enterprises, Inc. v. Arizona State Registrar of Contractors*, 142 Ariz. 400, 690 P.2d 119 (App. 1984) (*"Hancock II"*), involved a consolidated declaratory judgment action and statutory appeal for review of a decision by the Registrar of Contractors. In the declaratory judgment action, the trial court awarded the homeowners $1,000 for attorney's fees pursuant to A.R.S. section 12–341.01. The contractor argued that the trial court impermissibly awarded fees for services rendered in the proceedings before the Registrar and in the statutory appeal. The appeals court stated that it did not have to decide whether A.R.S. section 12–341.01 permitted recovery for services rendered in the statutory appeal because the home-

owners did not seek attorney's fees in the statutory appeal, and the judgment entered in the declaratory judgment action clearly indicated that fees were awarded only for the declaratory judgment action. The *Hancock II* court found that the homeowners incurred $383 in attorney's fees in the declaratory judgment action and reduced the fee award to that amount.

Tri–City argues that *Carley v. Arizona Board of Regents*, 153 Ariz. 461, 737 P.2d 1099 (App.1987), shows that in a dispute arising out of a final administrative decision relating to a contract, the court may award attorney's fees pursuant to A.R.S. section 12–341.01. We note, however, that like *Hancock I*, *Carley* involves a request for an award of fees incurred in the appellate court, not in the administrative proceedings or even in the trial court. The *Carley* court awarded fees based on A.R.S. section 12–341.01 and Rule 21, Arizona Rules of Civil Appellate Procedure. Thus, none of these cases answer the question before us in this appeal.

On appeal, Semple does not dispute that this matter arose out of contract for purposes of A.R.S. section 12–341.01(A). Accordingly, the only question is whether section 12–341.01(A) authorizes the trial court to award to the prevailing party its attorney's fees incurred in proceedings before the Registrar where the dispute arose out of contract.[2] In analyzing the statute, we conclude that it does not authorize such an award because a proceeding before the Registrar is not an "action."

Ariz.Rev.Stat.Ann. section 12–341.01(A) provides: "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney's fees." The term "action" "in its usual legal sense means a suit brought in a court; a formal complaint within the jurisdiction of a court of law." *Black's Law Dictionary* p. 26 (5th ed. 1979). The common definition of "action" is "a proceeding in a court of justice by which one demands or enforces one's

right." *Webster's Ninth New Collegiate Dictionary*, p. 54 (1984). Rule 3, Arizona Rules of Civil Procedure, provides that "[a] civil action is commenced by filing a complaint with the court."

All of these sources indicate that an action is a proceeding before a court of law. We acknowledge that an administrative agency acts in a quasi-judicial capacity when it operates under a statutory duty to consider evidence and apply the law to its findings. *See Stoffel v. Arizona Dep't of Economic Sec.*, 162 Ariz. 449, 451, 784 P.2d 275, 277 (App.1989); *Hancock II*, 142 Ariz. at 404, 690 P.2d at 123. However, we do not believe that an administrative agency can be characterized as a court so that a proceeding before it could be called an "action" for purposes of A.R.S. section 12–341.01.

Furthermore, A.R.S. section 12–341.01(B) provides that "[t]he award of reasonable attorney's fees awarded pursuant to subsection A should be made to mitigate the burden of the expense of litigation...." "Litigation" is defined as "[a] lawsuit ... Contest in a court of law for the purpose of enforcing a right or seeking a remedy. A judicial contest, a judicial controversy, a suit at law." *Black's Law Dictionary* p. 841 (5th ed. 1979). Similarly, A.R.S. section 12–341.01(D) states that attorney's fees awarded under the statute are to be awarded by the court, not the jury. Administrative proceedings do not involve juries and therefore this paragraph of section 12–341.01 could not contemplate the statute's application to administrative agencies performing quasi-judicial functions. Thus, looking at A.R.S. section 12–341.01 in its entirety, there simply is no indication that the legislature intended section 12–341.01 to apply to attorney's fees incurred by the prevailing party in an administrative proceeding. *See McEldowney v. Osborn School Dist. No. 8 Maricopa County*, 123 Ariz. 416, 418, 600 P.2d 29, 31 (1979) (language of the statute "envision[s] a lawsuit as an essential predicate to the awarding of

---

**2.** The Attorney General has issued an opinion stating that the Registrar of Contractors could not require privity of contract as a prerequisite to acting on complaints. Op.Atty.Gen. No. 73–21–L.

attorney's fees allowed by A.R.S. § 12–341.01").

Tri–City notes that under *First National Bank of Arizona v. Continental Bank*, 138 Ariz. 194, 673 P.2d 938 (App.1983), attorney's fees incurred in the investigation and evaluation prior to filing a complaint may be recovered by the prevailing party in the resulting contested action. Tri–City argues that the proceedings before the Registrar constituted pre-complaint investigation and evaluation and thus that it was eligible for an award of its fees incurred in those proceedings. We disagree. The parties did not engage in the proceedings before the Registrar with the intention of gaining information for the filing of a complaint. The presumed intent of the parties in such a proceeding is to obtain the resolution of a construction-related dispute without entering into litigation. Even though the investigation that occurred as part of the administrative proceeding could be used in the superior court litigation, it is not the type of pre-complaint investigation for which attorney's fees may be awarded. Accordingly, Tri–City is not entitled to an award of its fees on that basis.

C. Ariz.Rev.Stat.Ann. section 32–1155.

We also reverse the award of attorney's fees because A.R.S. section 32–1155 does not provide for an award of fees to the prevailing party. The statute contains no warning to consumers that if their complaint before the Registrar of Contractors is unsuccessful they may be assessed attorney's fees. To allow this to occur without warning to the consumer of the possibility would have a chilling effect on the consumer protection the legislature intended to provide through this statutory procedure. The awarding of fees and costs to the consumer under the federal Fair Debt Collection Practices Act (15 U.S.C. § 1692k(a)(3)) is required to protect small claimants from abusive practices of creditors. This fee protection is well recognized. *Nunez v. Interstate Corporate Systems*, 165 Ariz. 410, 799 P.2d 30 (App.1990). We believe it is equally important to protect the consumer from imposition of a fee award in order to encourage the reporting of abusive practices in the construction industry to the Registrar of Contractors as provided in A.R.S. section 32–1155.

In conclusion, we hold that the trial court erred in awarding Tri–City its attorney's fees incurred in the proceedings before the Registrar of Contractors. Semple does not challenge the award of fees for the trial court action. The affidavit of Tri–City's attorney indicates that 22.3 hours at $100 per hour were expended on the proceedings before the Registrar until Semple's filing of his complaint in superior court. Therefore, we direct the trial court upon remand to reduce Tri–City's attorney's fee award to $4,161.

Tri–City has requested an award of attorney's fees incurred in this appeal. However, because it has not prevailed on the only issue in this appeal, it is not eligible for such an award. Semple has not requested an award of attorney's fees on appeal; therefore, we award no fees.

CONTRERAS, P.J., and GERBER, J., concur.