**Chester HUNT and Maxine Hunt, Plaintiffs,**

v.

**Otis BOWEN, Secretary of Health and Human Services, Defendant.**

**No. CIV 86–1373 PHX EHC.**

United States District Court, D. Arizona.

Dec. 2, 1987.

Ernest R. Stent, Sun City, Ariz., for plaintiffs.

John R. Mayfield, Asst. U.S. Atty., Phoenix, Ariz., for defendant.

CARROLL, District Judge.

Plaintiff, Chester Hunt, was a professor of sociology at Western Michigan University. Beginning in 1964 plaintiff coauthored and published a sociology text book entitled *Sociology.* This book was revised every four years and given a new copyright.

Plaintiff reached the age of 65 in 1977. He did not retire at that point but continued to teach during 1978 and 1979. During 1978 and 1979 he did not receive social security benefits. Further in 1978 and 1979 he worked on a revision of his text book which was published and copyrighted in 1980. Plaintiff and his wife began receiving social security retirement benefits in 1980.

During 1981 and 1982 Mr. Hunt received wages and royalties from his book. The exact amounts are disputed. The Social Security Administration had determined Mr. Hunt's earnings for 1981 to be $23,674.58 and his earnings for 1982 to be $20,183.00. Subsequent to the hearing on this matter the Hunts submitted tax returns which reflect that they had royalty earnings of $43,578.00 for 1981 and $38,437.00 for 1982.

Mr. Hunt received notice of overpayment from the Social Security Administration on May 14, 1983 that he had been overpaid $9,145.20 for the years 1981 and 1982 and that Mrs. Hunt had been overpaid $3,457.80 for the same years. The Social Security Administration claimed that the Hunts had been overpaid social security benefits as Hunt had received royalty income from his book which should be offset against the social security benefits received.

Plaintiffs' request for reconsideration of this determination was denied. Plaintiffs then requested a review of the action before a hearings officer. A hearing was held on April 9, 1985. The Administrative Law Judge (ALJ) upheld the determination that the Hunts had been overpaid benefits which they should now refund.

The ALJ concluded that the income received as royalties was attributable to plaintiffs' income for those years in which it was received. The ALJ relied on Title 42 section 403(f)(5)(D) which provides that royalties attributable to a copyright received in a taxable year before an individual attains the age of 65 are excludable from gross income. The ALJ concluded that Mr. Hunt reached age 65 in 1977. He received a copyright for the revision of his book in 1980. Therefore, he did not fall within the exception of the section which excludes from gross income royalty earnings as the copyright in question was not received prior to the time Mr. Hunt reached age 65.

Plaintiffs then appealed this decision to the Appeals Council which found that there was no basis for plaintiffs request for review. Having exhausted their administrative remedies, plaintiffs seek relief in the district court.*

---

* Plaintiffs did not at any time request a determination concerning the need to recover the overpayment and that issue is not before the Court. See Title 42 United States Code section 404.

The thrust of plaintiffs' argument is that if it can be established that plaintiff received benefits from a copyright obtained prior to retirement age, the later royalties of the copyright cannot serve as a deduction against retirement benefits. Plaintiff claims that the revisions of his book were undertaken during 1978 and 1979, a period during which he was not receiving benefits, and, therefore, he should not be required to offset his royalties received while retired in 1981 and 1982. Plaintiffs claim that the work performed for the book was not necessarily performed prior to his attaining retirement age, but rather was performed during a time when he was working and not receiving retirement benefits. Plaintiffs assert, therefore, that they have complied with the spirit of the statute requiring the copyright to be obtained prior to reaching retirement age.

The following statutes are applicable to this case:

(1) Title 42 United States Code section 403(f)(5)(D)(i) states that in the case of an individual who has attained the retirement age on or before the last day of the taxable years, and who shows to the satisfaction of the Secretary that he or she is receiving royalties attributable to a copyright obtained before the taxable year in which he attained such age and that the property to which the copyright relates was created by his own personal efforts, there shall be excluded from gross income any such royalties or other income.

(2) Title 42 United States Code section 403(f)(6) states that for purposes of this subsection, wages, which according to reports received by the Secretary, are paid to an individual during a taxable year shall be presumed to have been paid to him for services performed in such year until it is shown to the satisfaction of the secretary that they were paid for services performed in another taxable year. If such reports with respect to an individual show his wages for a calendar year, such individual's taxable year shall be presumed to be a calendar year for purposes of this subsection until it is shown to the satisfaction of the Secretary that his taxable year is not a calendar year.

(3) Title 20 Code of Federal Regulations section 404.428(b) states that wages are derived and includable as earnings for the months and year in which the beneficiary rendered the services. Net earnings from self employment, or net losses therefrom, are derived, or incurred, and are includable as earnings or losses, in the year for which such earnings or losses are reportable for Federal income tax purposes.

■ The Secretary's decision denying benefits will be upheld if supported by substantial evidence. *Nyman v. Heckler*, 779 F.2d 528, 530 (9th Cir.1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support such a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The court must consider the record as a whole, weighing both evidence that supports and detracts from the Secretary's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir.1985).

■ In this case Mr. Hunt attained age 65 prior to the date the copyright was issued on his text book. Mr. Hunt was over 65 years of age during the period between 1978 and 1979 when he was revising the book. Section 403(f)(5)(D)(i) provides that in order to exclude royalties from gross income, the individual must show to the satisfaction of the Secretary that the royalties are attributable to a copyright obtained prior to the time the plaintiff reached age 65. The copyright in this case was obtained in 1980. Mr. Hunt reached age 65 in 1977. The copyright was not obtained prior to Mr. Hunt's reaching age 65.

Section 403(f)(6) provides wages which are paid to an individual during a taxable year shall be presumed to have been paid to him for services performed in such year until it is shown that they were paid for services performed in another taxable year. Mr. Hunt reported the royalties received from his book on his tax returns for the years 1981 and 1982, the years during which the royalties were received.

It is clear that plaintiff reached age 65 prior to the date that the copyright was issued on his text book and during the period which he was working on the book. Plaintiffs acknowledge that between the ages of 65 and 70 retirement benefits can be reduced if the retirees receive earnings from their labors during this period. Plaintiffs argue that if the earnings are attributable to work performed in another year, and the plaintiff can demonstrate that fact, then the retirement benefits should not be reduced. *See* Title 42 United States Code section 403(f)(6). However, the work must have been performed prior to reaching age 65.

Further, this section specifically refers to wages and not net earnings from self employment. The ALJ treated the royalty payments as net earnings from self employment rather than wages. The definition of wages contemplates an employer/employee relationship while net earnings from self employment contemplates gross income derived by an individual from any trade or business carried on by such individual. *See* Title 42 United States Code sections 409, 411 and Title 20 CFR section 404.429. The ALJ stated "Clearly, claimant was in the trade or business of writing and revising his text book and not engaging in this pursuit as an employee of an employer." (R. 18). The ALJ correctly treated the royalties as net earnings from self employment earned after Mr. Hunt attained age 65. There was no evidence that plaintiff was in an employer/employee relationship while working on his book. The income, rather, was derived from Mr. Hunt while carrying on a business for himself. *See* 20 CFR section 404.429. There is substantial evidence to support the conclusion that Mr. Hunt was engaging in business for himself.

The ALJ then concluded that the income received as royalties was attributable to plaintiffs' income for those years in which it was received. The Hunts reported the royalties on income tax returns for 1981 and 1982, the years in which the royalties were received. Even if the royalties could be attributed to work performed in 1978 and 1979, Mr. Hunt had already attained the age of 65 prior to performing the work and the income could not be excluded from gross income. The evidence supports this conclusion.

Plaintiff attained the age of 65 prior to undertaking work to revise his text book. Plaintiff also received the copyright to his book subsequent to the time he attained age 65. Even if the royalties could be credited back to the years 1978 and 1979, plaintiff had already attained age 65 by that time. Although plaintiffs were not receiving retirement benefits during 1978 and 1979, there is no exception which provides for income earned during this period to be excluded. The ALJ correctly included the royalties as income for purposes of determining plaintiffs' entitlement to benefits.

Social Security Rulings indicate that the royalties are not excludable from income. Social Security Ruling (SSR) 67–52 states that "for deduction purposes, where an author receives royalties in or after a taxable year in which he attained age 65, only those royalties which stem from a copyright obtained before such year may be excluded from the computation of his gross income." This ruling refers to royalties received as net earnings from self employment.

SSR 75–19 interprets 403(f)(5)(D) and states "it may reasonably be inferred that the basis for the exclusion of earnings from gross income under the provision above is that an individual should be considered retired for social security purposes if his only earnings result from work undertaken by him before he reached age 65. The test for excluding royalties for purposes of section 203(f)(5)(D) [403(f)(5)(D)] of the Act, is thus whether the beneficiary 'completes' work undertaken prior to the taxable year in which he attained age 65 for which work a copyright or patent was obtained." Mr. Hunt did not even begin working on the revision to his text book until 1978. He reached age 65 in 1977. The retirement benefits may be offset by the royalty income received.

ACCORDINGLY,

IT IS ORDERED affirming the decision complained of and denying plaintiffs any relief under their complaint.