784 P.2d 275

**Carolyn STOFFEL, Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an Agency, Appellee.**

**No. 1 CA–UB 88–020.**

Court of Appeals of Arizona, Division 1, Department A.

Sept. 12, 1989.

Review Denied Jan. 9, 1990.

Community Legal Service by H. Leslie Hall, Phoenix, for appellant.

Robert K. Corbin, Atty. Gen. by Paul J. Matte, III, Asst. Atty. Gen., Phoenix, for appellee ADES.

## OPINION

JACOBSON, Presiding Judge.

May an administrative board delegate to a hearing officer the responsibility of taking evidence and then rely upon an oral recitation of what that evidence consisted in making its own factual determinations? This is the basic issue presented in this appeal by appellant, Carolyn Stoffel (claimant), from a determination by the Appeals Board (Board) of the Department of Economic Security (DES) that her petition seeking review of an adverse decision of DES's Office of Appeals was untimely. Claimant also raises the issue of whether a decision based upon evidence taken at such an evidentiary hearing must be reviewed by the agency pursuant to A.R.S. § 41–1062 prior to appeal to this court.

Because we find the Board's review was inadequate and thus remand, we do not reach the questions regarding timeliness or the possibility that the Board consider the petition even if untimely.

## FACTS AND PROCEDURAL HISTORY

DES originally denied claimant's application for food stamps. She made a timely request for a hearing which resulted in a hearing officer affirming the denial. The claimant then sought review of this denial by petition to the Board. The Board dismissed her petition for review as untimely. Claimant objected to the dismissal contending that, in fact, her petition was timely and requesting that she be granted an evidentiary hearing.

The Board granted her request for a supplemental evidentiary hearing to determine the timeliness issue. The hearing was conducted before a hearing officer who informed claimant he would only take evidence, but that he would not render a decision. Several witnesses appeared at this hearing.[1] On the day following the

hearing, the hearing officer appeared before the Board and orally recited the evidence presented to him. The chairman of the Board avowed to this court that "it is the practice of the Appeals Board to discuss the evidence obtained by the Hearing Officers who conduct the supplemental administrative hearing, and that based upon those communications tentative instructions are given as to the preparation of a draft decision." The chairman further explained that individual Board members may later verify the hearing officer's summary of the proceeding by reviewing the case file which includes all documentary evidence and either a tape recording or transcript of the hearing.

Nothing in the decision, or in the chairman's affidavit, indicates that the Board members actually listened to the tape of the hearing in this case. The Board issued its decision affirming the dismissal of claimant's petition.

## DISCUSSION

### A. THE SUPPLEMENTAL EVIDENTIARY HEARING

#### 1. *Controlling Authority*

Claimant argues if the Board reviews evidence adduced at an evidentiary hearing it must follow the dictates of the Administrative Procedure Act, A.R.S. § 41–1001 *et seq.* (Act). We disagree. In our opinion, the Act's guidelines control procedures regarding decisions that go to the merits of a claim and not to an initial inquiry concerning an agency's jurisdiction to review that claim. Pursuant to the Act, DES may adopt rules of practice setting forth the nature of all formal procedures available to the public. A.R.S. § 41–1003. The Act, however, specifically exempts any "[r]ule concerning only the internal management of an agency which does not directly and substantially affect the procedural or substantive rights or duties of any segment of the public." A.R.S. § 41–1005(A)(4); *see also State Board of Health v. Apache Powder Co.*, 21 Ariz.

---

1. The key evidentiary issue resolved itself into a determination of whether a receptionist at the Board's office put the wrong date on the petition or whether a messenger service did not deliver the petition to the Board on the date it was received.

App. 156, 517 P.2d 114 (1973) (State Director of the Division of Air Pollution Control may assert jurisdiction over a particular air pollution source without adherence to mandates of Administrative Procedure Act because such assertion is strictly an internal administrative decision). The Board is required to abide by the fifteen day jurisdictional time limit for reviewing an appeal of an adverse decision. A.R.S. § 23–671(D). Nonetheless, the Board may internally adopt a procedure to determine whether or not that jurisdiction time limit has been met. The court's only inquiry is whether the procedures the chairman has described offered claimant the type of review that safeguarded her from arbitrary action and comported with fundamental requisites of fairness.

### .2. *Sufficiency of the Board's Review of the Evidence*

■ A claimant is entitled to fundamental procedural protections at an administrative hearing that is quasi-judicial in nature. *Rouse v. Scottsdale Unified School Dist.*, 156 Ariz. 369, 752 P.2d 22 (App.1987). An agency acts in a quasi-judicial manner when it is under a statutory duty to consider evidence and apply the law to facts it finds. *See Red Rover Copper Co. v. Industrial Comm'n*, 58 Ariz. 203, 118 P.2d 1102 (1941). Thus, when the Board orders a hearing officer to take evidence about the timeliness of a petition so that it may make a decision about its jurisdiction, its procedure must comport with due process notions of fairness.

■ We have reviewed both the transcript of the original evidentiary hearing and the transcript of the hearing officer's presentation of that evidence to the Board. In our opinion, the hearing officer's oral recitation of the facts adduced at that hearing differ in significant respects from what the evidence actually produced. We do not impute any bad motive to these differences. Rather, discrepancies exist between what the witnesses actually stated and what the hearing officer conveyed to the Board, in part because members of the Board interrupted him and often made conclusory remarks that seemed to change the direction of his narrative. The deficiencies in this procedure are not cured simply because the Board members *may* later individually verify the hearing officer's comments. This method may be ineffective because the Board members may believe that their discussion with the hearing officer is sufficient and thus decide not to verify. Moreover, if they have preconceived notions as to the disposition because of the manner in which the discussion proceeded, they may only refer to selected areas of the tape to confirm their beliefs. Because of these concerns, if the Board chooses to delegate fact finding to a hearing officer, that officer should be given the responsibility and power to evaluate the evidence for the purpose of making a decision.[2] Accordingly, the hearing officer should not only hear the evidence, but make appropriate findings of fact. If, however, the Board reserves to itself the initial responsibility for making findings of fact and conclusions of law, the members of the Board must independently review the evidence. Fairness requires that it not rely on the hearing officer's rendition of what transpired. *Cf. Hunt v. Bowen*, 675 F.Supp. 570 (D.Ariz.1987) (in reviewing administrative denial of benefits, court must consider record as a whole,

**2.** Claimant cites *Radaca v. United States Smelting, Refining & Mining Co.*, 62 Ariz. 464, 158 P.2d 540 (1945), as undermining her argument that the hearing officer must submit written findings to the Board. In that case, the court stated that if a hearing is held before a referee, he need not file written findings or reports. The statement was dictum as the court noted that "[t]he question as to whether the commission received reports from the referee in the instant case is not before us." *Id.* at 470, 158 P.2d at 542. Furthermore, the court observed "that a fair and full hearing to litigants under

the due process clause of the constitution requires that the examiner or referee who hears the evidence, where there is a sharp conflict in the testimony, must in some way participate in the decision or give his conclusions and impressions of such testimony by either written or oral reports." *Id.* The court reasoned that "where weight and credibility is to be given to testimony of witnesses, the litigants are entitled to have the person who conducts the hearing and sees the witnesses to at least have his conclusions and impressions reported to the fact-finding body." *Id.*

weighing evidence that supports and detracts from its conclusion). Because the Board believed it had discretion as to whether or not it was compelled to listen to the tape in this case and did not demonstrate or avow that it did so when it rendered its decision, we hold the manner in which the Board reached its conclusions ignored basic requisites of due process. Accordingly, we remand to the Board to review the evidence in the manner described in this opinion.

### B. OPPORTUNITY FOR REHEARING

Claimant argues that A.R.S. § 41–1062(B) requires DES to provide an opportunity for a rehearing or review of any administrative hearing. She claims she was denied that right when the Board instructed her to appeal its final decision regarding timeliness to this court. DES responds that because claimant presents her argument for further administrative review for the first time on appeal, she has waived the issue. DES also asserts that, if the issue is properly before the court, it adhered to the requirements for review when claimant was afforded the opportunity to petition the Board after the hearing officer's denial of her application for food stamps.

As we have explained, A.R.S. § 41–1062(B) does not control when DES makes an internal decision regarding its own jurisdiction. Although we recognize the sound policy reasons behind the exhaustion of administrative remedies doctrine, exceptions exist where review procedure is nonexistent or where it would be futile or useless to invoke any available procedures. *Town of Paradise Valley v. Gulf Leisure Corp.*, 27 Ariz.App. 600, 557 P.2d 532 (1976). Claimant was able to obtain review of the Board's original dismissal of the claim when she requested reversal or an evidentiary hearing. No further administrative action was warranted. Furthermore, claimant did waive the issue when she failed to request additional administrative review before or simultaneous to her instituting this appeal.

### CONCLUSION

The Arizona Administrative Procedures Act applies only to contested issues regarding the merits of a claim. It does not apply to an agency's determination of its own jurisdiction. Nonetheless, the manner in which the Board reviewed the evidence presented in this case violated claimant's due process rights. Claimant had no right to further administrative review in this case. However, we remand for the Board to make an appropriate review of the evidence.

CLABORNE and HAIRE, JJ., concur.

NOTE: The Honorable LEVI RAY HAIRE, Judge Retired, was authorized to participate in this appeal by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. 6, § 20, and A.R.S. § 38–813.